United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMIR R. KHOURY, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:25-cv-05570 |
| | § | |
| KBR, Inc., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the Court are the Motions to Dismiss Complaint pursuant to Rule 12(b)(6) filed by Defendant KBR, Inc. ("KBR"). (Doc. Nos. 13, 17). Plaintiff, Samir R. Khoury ("Plaintiff"), has responded in opposition, (Doc. No. 19), and KBR has replied. (Doc. No. 21).

**I.**

Plaintiff has filed a Complaint that contains a lengthy factual summary culminating in one cause of action: malicious prosecution. KBR's motion to dismiss attacks the sufficiency of these allegations by comparing the facts supporting each allegation on an element-by-element basis to the requirements imposed by Texas law. It contends that the facts alleged are insufficient as a matter of law.

Plaintiff's response tries (as it should) to match this factual analysis, but in doing so, he adds facts that are not pleaded in the actual Complaint—some of which could be quite pertinent.

KBR's reply, however, sets out the general rule:

> In his Response, Plaintiff attempts to create knowing conduct where none exists by inserting the word "knowing" into his arguments that KBR *knew* the information it provided DOJ (whatever it might have been) "was contrary to reality"; that KBR provided "*knowingly* false" information; and pushed upon the DOJ a "*knowingly* false narrative that set the prosecution in motion." Response at 7-8 (emphasis added). Plaintiff then asserts that this (unpled) knowing conduct amounts to

> "affirmatively manufacturing and supplying falsehoods" which, he claims, "is procurement." *Id.* at 9 (citing *Lieck*, 881 S.W.2d at 292-93). *Plaintiff cannot use his Response to allege what his Complaint does not, and his failure to allege what or how KBR made knowing misrepresentations or omissions that caused or procured the prosecution against him is fatal to his malicious prosecution claim.*

(Doc. No. 21, p. 3) (emphasis added). The Court assesses "a 12(b)(6) motion only on the facts state in the complaint and the documents either attached to or incorporated in the complaint." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)) (internal quotations omitted).

Given the nature of KBR's motion and the lengthy factual summary already contained in Plaintiff's Complaint, this Court foresees the ultimate resolution of the motion will require this Court to keenly scrutinize the facts and compare those alleged against the background of Texas malicious prosecution law. There seems to be no point in doing that analysis now if the resulting dismissal (assuming hypothetically there would be one) will only result in a request to replead in order to fix the deficiency (assuming hypothetically there is a deficiency and it is fixable). *See*, *Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir. 1986) ("The policy underlying Rule 15(a) is one in favor of liberal amendment.").

That being the case, the Court will grant KBR's motion to dismiss if a First Amended Complaint is not filed by October 30, 2026. Khoury is hereby given leave to amend. Assuming a First Amended Complaint is timely filed, KBR will then have 21 days to respond to the First Amended Complaint as it sees fit.

Signed on this 30th day of September, 2026.

Andrew S. Hanen
United States District Judge